UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION               MDL No. 1720


TRANSFER ORDER


**Before the Panel:**[*] Plaintiff Luby's Fuddruckers Restaurants, LLC, moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the action listed on the attached Schedule A to the Eastern District of New York for inclusion in MDL No. 1720. Defendants oppose the motion and support transfer.[1]

After considering the argument of counsel, we find that this action shares questions of fact with the actions transferred to MDL No. 1720, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Eastern District of New York was an appropriate forum for actions arising out of allegations "that the imposition of a no-surcharge rule and/or the establishment of the interchange fee causes the merchant discount fee to be set at supracompetitive levels in violation of the federal antitrust laws." *See In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 398 F. Supp. 2d 1356, 1358 (J.P.M.L. 2005). This action involves substantially similar factual allegations, and thus falls squarely within the subject matter of the MDL.

In support of the motion to vacate, plaintiff principally argues that the *Luby's Fuddruckers* action was improperly removed and the transferor court should decide the pending motion for remand to state court. In particular, plaintiff contends that another court in the Southern District of

---

[*] Judge Marjorie O. Rendell and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] The defendants are: Visa Inc., Visa U.S.A. Inc., and Visa International Service Association (together, Visa), Mastercard Incorporated and Mastercard International Incorporated (together, Mastercard), and the following financial institutions: BA Merchant Services LLC, Bank of America Corporation, Barclays Bank Delaware, Capital One, N.A., Capital One Bank (USA), N.A., Capital One Financial Corporation, Chase Bank USA, N.A., JPMorgan Chase Bank, N.A., JPMorgan Chase & Co., Citibank, N.A., Citigroup Inc., Fifth Third Bancorp, First National Bank of Omaha, HSBC Finance Corporation, HSBC North America Holdings, Inc., PNC Financial Services Group, Inc., SunTrust Banks, Inc., SunTrust Bank, Texas Independent Bancshares, Inc., Wells Fargo & Company, and Wells Fargo Merchant Services, LLC.

-2-

Texas ordered remand of a factually identical action removed on the same theory invoked by defendants here.[2] The Panel has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[3] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Additionally, the Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus we regularly order transfer of actions over the objection that remand is required under applicable precedent.[4] Transfer in these circumstances comports with the well-established principle that "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).[5]

Plaintiff raises two additional arguments in opposition to transfer, neither of which is convincing. First, plaintiff argues that no efficiencies will be gained by transfer because the claims are asserted under state law rather than federal antitrust law, and the issues presented in his remand motion are unique. But "the presence of additional facts or differing legal theories" does not prevent the transfer of an action that shares significant factual issues with those in the MDL. *See, e.g., In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014).

Additionally, plaintiff contends that a federal statute known as the Edge Act stands as a bar to transfer where an action will be delayed unduly. But the statutory provision quoted by plaintiff addresses removal, not transfer.[6] Even if that provision were applicable, plaintiff provides no support for the contention that the action will be delayed unduly by transfer. Common discovery and

---

[2] *See Speedy Stop v. Visa Inc.,* C.A. No. 13-0073, Order (S.D. Tex. Dec. 26, 2013).

[3] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

[4] *See, e.g., In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, Transfer Order, Doc. No. 1040, at 1 (J.P.M.L. Dec. 7, 2016) (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar cases removed to that district").

[5] Thus, plaintiff's reliance on the *Speedy Stop* proceedings, including vacatur of that CTO following remand of the action to state court, is inapposite.

[6] *See* 12 U.S.C. § 632 ("removal shall not cause undue delay in the trial of such case and a case so removed shall have a place on the calendar of the United States court to which it is removed relative to that which it held on the State court from which it was removed"). Plaintiff cites no other authority for the sweeping proposition that actions removed under the Edge Act are not "civil actions" subject to transfer under Section 1407.

-3-

other pretrial proceedings in the MDL are advanced. The just and efficient conduct of plaintiff's action will be served by those common proceedings.

IT IS THEREFORE ORDERED that this action is transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Margo K. Brodie for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles A. Breyer        Ellen Segal Huvelle
R. David Proctor         Catherine D. Perry

**IN RE: PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION**     MDL No. 1720

### SCHEDULE A

<u>Southern District of Texas</u>

LUBY'S FUDDRUCKERS RESTAURANTS, LLC v. VISA INC., ET AL.,
C.A. No. 4:17–01049